IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD J. PAYNE

     Petitioner,                    No. CIV S-10-3016 GEB GGH P

    vs.

TIMOTHY VIRGA

     Respondents.               FINDINGS & RECOMMENDATIONS

         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

         On November 9, 2010, petitioner filed a petition challenging a prison disciplinary finding. On December 8, 2010, the undersigned issued findings and recommendations that this case be dismissed as petitioner was only seeking habeas relief for a 90 day suspension of visiting privilege.

         On December 14, 2010, petitioner filed objections and indicated for the first time that he was also placed in the SHU for a year. On December 21, 2010, petitioner filed additional objections, and indicated for the first time that he was assessed a 150 days loss of credits as a result of the disciplinary finding.

         As a result, the undersigned vacated the findings and recommendations and

1

provided petitioner another opportunity to file an amended petition that contained all claims and facts in one petition. The undersigned also noted that petitioner did not raise any actual claims in the petition, instead he wished the court to obtain a videotape that may or may not reveal he is innocent of the charges. While petitioner can raise a discovery request at the suitable time, this does not present a viable claim for habeas relief. Petitioner was instructed to present a viable habeas claim.

On February 8, 2011, petitioner filed an amended petition. However, petitioner failed to follow the courts instructions as petitioner has again requested that the court obtain the videotape and find him innocent.[1] Petitioner states that prison officials viewed the videotape but refused to acknowledge it.

Petitioner has still failed to present a habeas claim. A writ of habeas corpus is used to challenge the validity of any confinement or to particulars affecting its duration. Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). While pro se pleadings should be liberally construed, the undersigned cannot formulate claims for petitioner. It is petitioner's responsibility to set forth his claims for relief.[2]

In addition to already being provided leave to amend, it is clear that petitioner has the ability to file a proper habeas petition as he has done so in the past. See cases 05-1424 MCE PAN; 05-2277 MCE PAN; 07-1710 MDS; 10-2678 EFB.[3] Therefore, the petition should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed.

---

[1] In his prayer for relief, petitioner requests the court to grant the writ of habeas corpus and order the injunctive relief by obtaining the videotape.

[2] In his original petition, petitioner included a summary denial by the Supreme Court of California, but no copies of his state habeas petition for the undersigned to better understand his claims.

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).


If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
payn3016.ord